# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT MYERS DIVISION

DANA LAMB, TONY LUCIBELLO
and ACCESS NOW, INC., a Florida
not for profit corporation,

                      Plaintiffs,                          CASE NO.

vs.

LEE COUNTY, a political subdivision of
the State of Florida,

                      Defendant.

_____/

## COMPLAINT

Plaintiffs, ACCESS NOW, INC., DANA LAMB and TONY LUCIBELLO (collectively referred to as "Plaintiffs"), by and through their undersigned counsel, hereby file this Complaint and sue LEE COUNTY, a political subdivision of the State of Florida, for injunctive relief, attorney's fees and costs pursuant to Title II of the Americans With Disabilities Act of 1990 and the Rehabilitation Act and allege:

## JURISDICTION AND PARTIES

1.      This is an action for declaratory and injunctive relief pursuant to ("ADA"), 42 U.S.C. §§ 12131-12134, and its implementing regulation, 28 C.F.R. Part 35 (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343.

2.      Venue is proper in this Court, Ft. Myers Division pursuant to 28 U.S.C. §§1331 and 1343 and Local Rules of the United States District Court for the Middle District of Florida.

3.      Plaintiff, DANA LAMB (hereinafter referred to as "MR. LAMB" or "LAMB") is a resident of the State of Florida and is a qualified individual with a disability under the ADA. MR.

LAMB suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations.  Mr. Lamb is mobility impaired and uses a wheelchair.  Prior to instituting the instant action, MR. LAMB personally visited the Defendant's premises to avail himself of the programs, services and facilities offered by Defendant at the **Alva Community Park, 21471 North River Road, Alva, Florida; Boca Grande Community Park/Center, 131 First Street West, Boca Grande, Florida; Pine Island Park, 5675 Sesame Drive, Bokeelia, Florida; Bonita Springs Community Park, 27381 Old Route 41, Bonita Springs, Florida; Hancock Community Park, 2211 Hancock Bridge Parkway, North Fort Myers, Florida; Lehigh Acres Community Park North, 1400 West 5th Street, Lehigh Acres, Florida; Veterans Community Park, 55 Homestead Road, Lehigh Acres, Florida; Bay Oaks Community Park/Recreation Center, 2731 Oak Street, Fort Myers Beach, Florida; Brooks Community Park, 50 South Road, Fort. Myers, Florida; Harlem Heights Community Park, 7340 Concourse Drive, Fort Myers, Florida; Judd Community Park, 1297 Driftwood, North Fort Myers, Florida; Milton Burke Community Park, 6500 South Pointe Blvd., Fort Myers, Florida, Matlacha Community Park/Center, 4577 Pine Island Road NW, Matlacha, Florida and North Fort Myers Community Park, 2021 N. Tamiami Trail, North Fort Myers, Florida**, (hereinafter referred to as the "PARKS") both personally and on behalf ACCESS NOW, INC. and was denied full, safe and equal access to the programs, services and facilities at the PARKS of Defendant which are  the subject of this lawsuit due to their lack of compliance with the ADA. MR. LAMB continues to desire to visit the PARKS but continues to be denied full and safe access due to the violations that continue to exist.

4.     Plaintiff, TONY LUCIBELLO (hereinafter referred to as "MR. LUCIBELLO" or "LUCIBELLO") is a resident of the State of Florida and is a qualified individual with a disability

under the ADA. MR. LUCIBELLO suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations.  Mr. Lucibello is mobility impaired and uses a wheelchair.  Prior to instituting the instant action, MR. LUCIBELLO personally visited the Defendant's premises to avail himself of the programs, services and facilities offered by Defendant at the **Boca Grande Community Park/Center, 131 First Street West, Boca Grande, Florida; Pine Island Park, 5675 Sesame Drive, Bokeelia, Florida; Bonita Springs Community Park, 27381 Old Route 41, Bonita Springs, Florida; Hancock Community Park, 2211 Hancock Bridge Parkway, North Fort Myers, Florida; Veterans Community Park, 55 Homestead Road, Lehigh Acres, Florida; and Matlacha Community Park/Center, 4577 Pine Island Road NW, Matlacha, Florida**, (hereinafter referred to as the "PARKS") both personally and on behalf ACCESS NOW, INC. and was denied full, safe and equal access to the programs, services and facilities at the PARKS of Defendant which are  the subject of this lawsuit due to their lack of compliance with the ADA. MR. LUCIBELLO continues to desire to visit the PARKS but continues to be denied full and safe access due to the violations that continue to exist.

5.       Plaintiff ACCESS NOW, INC. (hereinafter referred to as "ACCESS NOW") is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"), of which MR. LAMB and MR. LUCIBELLO are members.  The Association's members consist of both qualified individuals with disabilities (including, but not limited to, mobility impaired, hearing impaired and sight impaired) under and as defined by the ADA and the able-bodied.  ACCESS NOW is engaged, inter alia, in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act.  One of the primary purposes of the Association is

to represent its members to assure that public spaces are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. The Association and its members, including but not limited to MR. LAMB and MR. LUCIBELLO have suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. MR. LAMB and MR. LUCIBELLO initially visited the Defendant's premises and were unable to fully and safely do so due to the Defendant's lack of compliance with the ADA. ACCESS NOW and its members, including MR. LAMB and MR. LUCIBELLO, continue to be discriminated against due to the Defendant's continued lack of compliance and their continued desire to visit the Defendant's premises to avail themselves of Defendant's programs, services and facilities. The Association also has been discriminated against because of its association with its members and their claims.

5.      The Defendant, LEE COUNTY, is a political subdivision of the State of Florida conducting business in the State of Florida. Upon information and belief, LEE COUNTY (hereinafter referred to as "LEE COUNTY") is the owner, lessee and/or operator of the real properties and improvements which are the subject of this action, the PARKS.

6.      All events giving rise to this lawsuit occurred in the Middle District of Florida in Lee County.

## COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7.      On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101 et. seq.

8.      In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the

benefits of a public entity, or be subjected to discrimination by any such entity.

9.      Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

10.     Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R. §35.160(b)(1).

11.     Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding of operation of service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion" 28 C.F.R. §35.150(a)(3). LEE COUNTY cannot meet this burden.

12.     Plaintiffs were subjected to discrimination when they attempted to access the PARKS.  Plaintiffs continue to desire to return and therefore will continue to suffer discrimination by LEE COUNTY in the future.

13.     LEE COUNTY has discriminated against Plaintiffs by denying them full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §§ 12131-12134, and by failing to remove architectural barriers pursuant to 42 U.S.C.

§12182(b)(2)(A)(iv), where such removal is readily accessible.

14.     Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A.

15.     Defendant, LEE COUNTY has discriminated, and continues to discriminate against the Plaintiffs, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the PARKS in derogation of Title II of the ADA, 42 U.S.C. § 12101 et. seq.

16.     The Plaintiffs have been unable to and continue to be unable to enjoy access to, and the benefits of the services offered at the PARKS.

17.     LEE COUNTY is in violation of 42 U.S.C. §§ 12131-12134 and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiffs due to the following violations, inter alia,:

**a. Alva Community Park/Center**

    i.      The water fountain is to high;
    ii.     There is no accessible route which leads to the picnic tables and playground area;
    iii.    The front entrance to the toilet rooms is too steep;
    iv.    The lavatory pipes in the Women's toilet room toilet room are not fully insulated;
    v.     The paper towel dispenser in the Women's toilet room is to high;
    vi.    The doors to both the Men's and Women's toilet rooms require more than five (5) pounds of pull force to open;
    vii.   There is no accessible seating;
    viii.  The concession stand counter is to high;

**b. Boca Grande Community Park**

    i.      The accessible parking space located nearest the volleyball court needs to be re-outlined;
    ii.     There is no accessible seating at the playground;
    iii.    The water fountain located by the pavilion is to high;
    iv.    The sign located adjacent to the Women's toilet room door does not bear the sign of accessibility;
    v.     The paper towel dispenser in the Women's toilet room is a protruding object;

vi. The lavatory pipes in the Women's toilet room are not fully insulated;

vii. There is insufficient knee clearance underneath the lavatories in the Women's toilet room;

viii. The mirrors in the Women's toilet room is too high;

ix. There is insufficient clear floor space on the push side of the door when exiting the Women's toilet room;

x. The second door into the Women's toilet room is too narrow;

xi. The water fountain besides the Women's toilet room is too high;

xii. The sign located adjacent to the Men's toilet room door does not bear the sign of accessibility;

xiii. There is a step leading up to the Men's toilet room;

xiv. The second door leading into the Men's toilet room is too narrow;

xv. The paper towel dispenser in the Men's toilet room is a protruding object;

xvi. The urinals in the Men's toilet room are too high;

xvii. The lavatory pipes in the Men's toilet room are not fully insulated;

xviii. There is insufficient knee clearance underneath the lavatories in the Men's toilet room;

xix. The mirrors in the Men's toilet room is too high;

xx. There is no accessible path of travel to the toilet stalls in the Men's toilet room;

xxi. There are no accessible stalls in the Men's toilet room

xxii. The lavatory is to close to the water closet in the restroom located nearest to the recreational room;

xxiii. The lavatory pipes in the restroom located nearest to the recreational room are not fully insulated;

xxiv. There is insufficient maneuvering space in the water closet in the restroom located nearest to the recreational room.

**c. Pine Island Park**

i. There is no accessible parking near the tennis courts;

ii. There is no accessible path of travel to the tennis courts;

iii. There are steps leading down to the tennis courts;

iv. There is no accessible seating provided;

v. There is no accessible path of travel around the playground;

vi. There is no accessible signage at the parking spaces located in front of the pool area;

vii. There is no rear grab bar located in the stall in the Women's toilet room;

viii. The lavatory pipes in the Women's toilet room are not fully insulated;

ix. The knobs on the lavatory faucets in the Women's toilet room require twisting and grasping to operate;

x. The paper towel dispenser in the Women's toilet room is too high;

xi. There is no accessible signage on the Women's toilet room;

xii. There are no visual alarms provided;

xiii. The showers are not accessible.

**d. Bonita Springs Community Park**

i.      The parking spaces located nearest to the recreational center do not have access aisles;

ii.     The parking spaces located nearest to the tennis courts have access aisles that are to small and are not striped;

iii.    There is no accessible seating provided;

iv.     There is no accessible entrance and/or path of travel to the tennis courts;

v.      There is no accessible path of travel to the picnic area;

vi.     There are no accessible picnic tables;

vii.    There is no accessible path of travel around the playground area;

viii.   There is no accessible path of travel to the fields;

ix.     The parking spaces and access aisles in the lot located closest to the pool are not striped;

x.      The signage to the Women's toilet room does not include Braille;

xi.     There is no rear grab bar in the stall of the Women's toilet room;

xii.    The flush valve on the water closet in the Women's toilet room is too high;

xiii.   The flush valve is located on the short side of the water closet;

xiv.    There is insufficient maneuvering space in the Women's toilet room;

xv.     The lavatory pipes in the Women's toilet room are not fully insulated;

xvi.    The lavatory counter in the Women's toilet room is too high;

xvii.   The roll-in shower in the Women's Toilet room is too small;

xviii.  The coat hooks in the dressing area are too high;

xix.    There are no visual alarms provided.


**e. Hancock Community Park**

i.      There is no accessible path of travel to the basketball courts;

ii.     There is no accessible path of travel to the fields;

iii.    There is no accessible path of travel to the picnic tables;

iv.     There is no accessible path of travel to the playground and around the playground;

v.      There is no accessible path of travel to the dugouts located at the fields;

vi.     There is no accessible signage to the Men's and Women's toilet rooms;

vii.    There is a steep rise leading to the Men's and Women's toilet rooms;

viii.   The lavatories are to close to the water closets in the Men's and Women's toilet rooms;

ix.     The coat hooks are too high in the Men's and Women's toilet rooms;

x.      The lavatory pipes in the Men's and Women's toilet rooms are not fully insulated;

xi.     The parking signage at the parking spaces is too low;

xii.    The water fountains at the Park are too low.

**f. Lehigh Acres Community Park**

i.      The outlines of the parking spaces located on the South side of the park are fading;

ii.     There is no accessible seating provided at the Park;

iii.    The signage placed above the door to the Women's toilet room does not contain Braille;

iv.    The paper towel dispensers in the Women's toilet room are protruding objects and are too high;

v.    There are no visual alarms;

vi.    The toilet paper dispenser in the stall of the Women's toilet room is too close to the rear wall;

vii.    The coat hook is too high in the stall of the Women's toilet room;

xiii.    The lavatory pipes in the Women's toilet room are not fully insulated;

xiv.    The parking signage is to low at the parking spaces located in front of the pool facilities;

xv.    There is no access to the dugouts at the fields;

xvi.    There is no access to the bleachers at the fields;

xvii.    There is no access to the barbecue pits.

**g. Veteran's Community Park**

i.    The concession stand is too high;

ii.    The water fountain is too high;

iii.    There is no accessible seating in the pavilion;

iv.    There is no accessible seating provided throughout the Park;

v.    There is no access to the picnic tables;

vi.    There is no access to the barbecue pits;

vii.    The signage located on the door to the Women's toilet room contains no Braille;

viii.    The lavatory pipes in the Women's toilet room are not fully insulated;

ix.    The hand dryer in the Women's toilet room is a protruding object;

x.    The mirrors in the Women's toilet room are too high;

xi.    There are no visual or audible alarms;

xii.    The lavatory pipes in the stall of the Women's toilet room are not fully insulated;

xiii.    There is no mirror in the stall of the Women's toilet room;

xiv.    The water closet in the Women's toilet room has no rear grab bar;

xv.    The flush valve on the water closet is located on the short side of the water closet;

xvi.    The toilet paper dispenser is too high;

xvii.    There is insufficient maneuvering space between the water closet and the lavatory;

xviii.    The signage located on the door to the Men's toilet room does not contain Braille;

xix.    The fields at the Park are inaccessible.

**h. Bay Oaks Community Park/Recreation Center**

i.    There is no accessible parking nearest the fields;

ii.    The accessible parking provided near the pool area is no locate on the nearest accessible route to the pool;

iii.    The parking spaces are too steep;

iv.    There are no accessible picnic tables;

v.    There is no accessible route to the picnic tables;

vi.    There is no accessible parking provided by the tennis courts;

vii.    The signage located on all recreation room doors do not contain Braille;

viii.    There is insufficient clear floor space on the push and pull sides of the doors to the

                restrooms located in the community center;

ix.      The coat hooks in the accessible stalls in the restrooms of the community center are too high;

x.       There are no rear grab bars in the accessible stalls in the restrooms of the community center;

xi.      The water closets are too low in the restrooms of the community center;

xii.     The mirrors are too high in the restrooms of the community center;

xiii.    The lavatory pipes in the restrooms of the community center are not fully insulated;

xiv.   The signage located on the restroom doors of the community center does not contain Braille.


## i. Brooks Community Park

i.        There is no accessible parking provided;

ii.       There is no accessible path of travel to the entrance to the Park;

iii.      There is no accessible seating provided at the Park;

iv.      There is no accessible path of travel to the tennis courts;

v.       There is no access to the bleachers or the dugouts at the Park;

vi.     The water fountains at the field(s)are too low;

vii.    The signage provided at the Women's toilet room contains no Braille;

viii.   The paper towel dispenser is too high in the Women's toilet room;

ix.      The mirror it too high in the Women's toilet room;

x.       There is insufficient knee clearance underneath the lavatory in the Women's toilet room;

xi.      The knobs on the lavatory in the Women's toilet room require twisting and grasping to operate;

xii.     The lavatory pipes in the Women's restroom are not fully insulated;

xiii.    The coat hook is too high in the stall of the Women's toilet room;

xiv.   The flush valve is on the short side of the water closet in the Women's toilet room;

xv.    There are no rear or side grab bars in the stall in the Women's toilet room;

xvi.   There is insufficient maneuvering space in the stall in the Women's toilet room;

xvii.  There are no visual alarms provided;

xviii. The signage provided at the Men's toilet room contains no Braille;

xix.   The paper towel dispensers in the Men's toilet room are too high;

xx.    There is insufficient knee clearance underneath the lavatories in the Men's toilet room;

xxi.   The lavatory pipes in the Men's toilet room are not fully insulated;

xxii.  The knobs on the lavatories requiring twisting and grasping to operate;

xxiii. The mirror is too high in the Men's toilet room;

xxiv. The urinals are too high in the Men's toilet room

xxv.  The coat hook is too high in the stall of the Men's toilet room;

xxvi. The water closet is too low in the stall of the Men's toilet room;

xxvii. The water closet is too far from the sidewall;

xxviii. There is no rear grab bar in the stall of the Men's toilet room;

xxix. The side grab bar in the stall of the Men's toilet room is too short;

xxx.     The push button exits from the Women's and Men's toilet rooms are not operational.

**j. Harlem Heights Community Park**

i.       The ramp that leads to the pavilion is too steep;
ii.      There are an insufficient number of accessible parking spaces;
iii.     There are no accessible paths of travel to the field bleachers;
iv.      There is no accessible seating in the Park;
v.       The Computer Mobile Bus used to transport people is not accessible;
vi.      The lavatory in the Women's toilet room has no knee clearance;
vii.     There is insufficient toe clearance underneath the lavatory in the Women's toilet room;
viii.    There is no accessible signage for the Women's toilet room;
ix.      The lavatory pipes in the Women's toilet room are not fully insulated;
x.       The baby changing table in the Women's toilet room is too high;
xi.      The sanitary napkin dispenser in the stall of the Women's toilet room is too high;
xii.     The side and rear grab bars in the stall are of insufficient length;
xiii.    There is insufficient space between the toilet paper dispenser located below the side grab bar;
xiv.     There are no visual alarms provided;
xv.      The water fountains at the Park are too low;
xvi.     The Men's toilet room signage contains no Braille;
xvii.    The lavatory pipes in the Men's toilet room are not fully insulated;
xviii.   The coat hook in the Men's toilet room stall is too high;
xix.     There is insufficient maneuvering space between the water closet and the lavatory;
xx.      The rear grab bar in the stall are of insufficient length;
xxi.     There is insufficient space between the paper towel dispenser and the side grab bar;
xxii.    There are no visual alarms provided;
xxiii.   The signage on the door of the Women's toilet room at the soccer field has no Braille;
xxiv.    The hand dryer in this Women's toilet room is a protruding object;
xxv.     The lavatory pipes in this Women's toilet room are not fully insulated;
xxvi.    The coat hook is too high in the accessible stall of this Women's toilet room;
xxvii.   There is insufficient maneuvering clearance between the lavatory and the water closet;
xxviii.  The rear and side grab bars in the stall are of insufficient length;
xxix.    There is insufficient space between the paper towel dispenser and the side grab bar;
xxx.     There are no visual alarms provided.

**k. Judd Community Park**

i.       There are steps leading up to the pavilion, making it inaccessible;
ii.      There is no accessible seating provided throughout the Park;
iii.     There is no accessible path of travel to the playground and around the playground;

iv.    There is no accessible path of travel to the bleachers throughout the Park;

v.    The signage provided to the Women's toilet room is not adjacent to the door to the toilet room and contains no Braille;

vi.    The lavatory pipes in the Women's toilet room are not fully insulated;

vii.    The door of the stall in the Women's toilet room is too narrow making the stall inaccessible;

viii.    There is no clear floor space on the push side of the door;

ix.    There is no side grab bar in the stall;

x.    The water closet in the stall is too low;

xi.    There are no visual or audible alarms provided;

xii.    The signage provided to the Men's toilet room is not adjacent to the door to the toilet room and contains no Braille;

xiii.    The lavatory pipes in the Men's toilet room are not fully insulated;

xiv.    The urinal in the Men's toilet room is too high;

xv.    The handle on the urinal is too high;

xvi.    The door of the stall in the Men's toilet room is too narrow making the stall inaccessible;

xvii.    There is no rear grab bar provided in the stall;

xviii.    The flush valve is located on the short side of the water closet.

xix.    The water closet is too low;

xx.    The toilet paper dispenser is too high;

xxi.    There is no clear floor space on the push side of the door;

xxii.    When the toilet rooms are closed and "open on request" there is no individual available for the purpose of requesting to use the toilet rooms;

xxiii.    Thee is no accessible path of travel to the swings/swing sets;

xxiv.    There are steps leading down to the park itself;

xxv.    The water fountains are too high.

## l. Milton Burke Community Park

i.    There is no accessible path of travel to the picnic tables;

ii.    The picnic table are not accessible;

iii.    The access aisle for the parking spaces is located in the path of travel to the tennis courts;

iv.    The fields are inaccessible;

v.    The Women's toilet room has signage on the door that contains no Braille;

vi.    The paper towel dispenser in the Women's toilet room is too high;

vii.    The lavatories in the Women's toilet room have insufficient knee clearance;

viii.    The lavatory pipes in the Women's toilet room are not fully insulated;

ix.    The mirror is too high;

x.    The coat hook in the accessible stall is too high;

xi.    There is insufficient clear floor space between the lavatory and the water closet;

xii.    The paper towel dispenser is too high;

xiii.    The signage to the Men's toilet room is incorrectly placed and contains no Braille;

xiv.    The lavatory in the Men's toilet room is too close to the water closet;

xv.    The lavatory pipes in the Men's toilet room are not fully insulated;

xvi.    The paper towel dispenser is too high;
xvii.   There are Women's and Men's restrooms that are inaccessible.


**m. Matlacha Community Center**

i.      There is no accessible seating throughout the Park;
ii.     There is insufficient knee clearance underneath the picnic tables;
iii.    The parking spaces have no access aisles;
iv.     The parking spaces for the boat ramp are not located on the nearest accessible route to the ramp;
v.      The boardwalk is too steep;
vi.     The boardwalk does not contain handrails;
vii.    There is no accessible parking at the basketball courts;
viii.   There is no accessible path of travel to the basketball courts;
ix.     The soap dispensers in the toilet rooms by the basketball courts are too high.


**n.  North Fort Myers Community Park**

i.      There is no accessible seating throughout the Park;
ii.     The path of travel to the shuffleboard courts is too steep;
iii.    The counters at the concession stand are too high;
iv.     There are no accessible picnic tables;
v.      There are no access aisles for the parking spaces;
vi.     One of the Women's restrooms has signage that contains no Braille;
vii.    The coat hook in the Women's restroom is too high;
viii.   The flush valve is located on the short side of the water closet;
ix.     There is not enough maneuvering space between the lavatory and the water closet;
x.      The lavatory pipes in the Women's toilet room are not fully insulated;
xi.     One of the Men's restrooms has signage that contains no Braille;
xii.    The lavatory pipes in the Men's toilet room are not fully insulated
xiii.   There is not enough maneuvering space between the lavatory and the water closet;
xviii.  There are Women's and Men's restrooms that are inaccessible.

18.     Upon information and belief, there are other barriers to access and violations of the

ADA at the PARKS which are not specifically identified herein as the Plaintiffs are not required to

engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full

inspection is performed by Plaintiffs or Plaintiffs' representatives can all said violations be

identified.

19.     The Plaintiffs have been obligated to retain the undersigned counsel for the filing and

prosecution of this action.  Plaintiffs are entitled to have their reasonable attorney's fees, costs and expenses paid by LEE COUNTY pursuant to 42 U.S.C. §12205.

20.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiffs' injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiffs demand judgment against LEE COUNTY and request the following injunctive and declaratory relief:

A.     Accepting jurisdiction of this case and declare that policies, procedures and services of Defendant are discriminatory and are not in compliance with the ADA;

B.     Requiring Defendant to comply with federal law and regulations to remove barriers to access to its programs, services and facilities at the PARKS;

C.     Requiring Defendant to alter the programs, services and facilities at the PARKS to make them accessible to and usable by individuals with disabilities to the extent required by Title II of the ADA;

D.     Directing Defendant to evaluate and neutralize their policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

E.     Mandating that Defendant undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities at the PARKS; a review of all policies and practices that govern the administration of such programs, services and facilities at the PARKS; and

an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

F.   Mandating Defendant to expeditiously make all reasonable and appropriate modifications in their policies, practices and procedures, provide effective signage, remove all architectural barriers that are readily achievable, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the PARKS;

G.   Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs;

H.   Awarding such other and further relief as the Court deems necessary, just and proper; and,

I.   Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court.

## COUNT II - VIOLATIONS OF THE REHABILITATION ACT

Plaintiffs re-allege each and every allegation contained in paragraphs 1 through 20 above as though fully restated below, and state further as follows:

21.   As more fully detailed above, Plaintiffs, LAMB and LUCIBELLO are individuals with disabilities and Plaintiff, Access Now, is an organization whose members are individuals with disabilities.

22.     Plaintiffs, as residents of the State of Florida who do or would like to frequent the

PARKS that are currently inaccessible as described above, are otherwise qualified to

use the programs, services, and benefits provided by Defendant at the PARKS.

23.     Defendant receives Federal monies so as to subject them to the requirements of §

504 of the Rehabilitation Act.

24.     Defendant has excluded the Plaintiffs, solely by reason of their disabilities, from

participation in, denied the Plaintiffs the benefits of, and subjected the Plaintiffs to

discrimination by failing to provide access to services, programs, and activities, as

well as others similarly situated with qualified disabilities.

25.     Defendant is in violation of § 504 of the Rehabilitation Act by discriminating against

the Plaintiffs and other disabled persons, as a result of, _inter alia_, the following

barriers to access and violations of the ADA at the PARKS:

**a. Alva Community Park/Center**

i.      The water fountain is to high;
ii.     There is no accessible route which leads to the picnic tables and playground area;
iii.    The front entrance to the toilet rooms is too steep;
iv.     The lavatory pipes in the Women's toilet room toilet room are not fully insulated;
v.      The paper towel dispenser in the Women's toilet room is to high;
vi.     The doors to both the Men's and Women's toilet rooms require more than five (5) pounds of pull force to open;
vii.    There is no accessible seating;
viii.   The concession stand counter is to high;

**b. Boca Grande Community Park**

i.      The accessible parking space located nearest the volleyball court needs to be re-outlined;

ii.     There is no accessible seating at the playground;
iii.    The water fountain located by the pavilion is to high;
iv.     The sign located adjacent to the Women's toilet room door does not bear the sign of accessibility;
v.      The paper towel dispenser in the Women's toilet room is a protruding object;
vi.     The lavatory pipes in the Women's toilet room are not fully insulated;
vii.    There is insufficient knee clearance underneath the lavatories in the Women's toilet room;
viii.   The mirrors in the Women's toilet room is too high;
ix.     There is insufficient clear floor space on the push side of the door when exiting the

Women's toilet room;

x.      The second door into the Women's toilet room is too narrow;

xi.      The water fountain besides the Women's toilet room is too high;

xii.      The sign located adjacent to the Men's toilet room door does not bear the sign of accessibility;

xiii.      There is a step leading up to the Men's toilet room;

xiv.      The second door leading into the Men's toilet room is too narrow;

xv.      The paper towel dispenser in the Men's toilet room is a protruding object;

xvi.      The urinals in the Men's toilet room are too high;

xvii.      The lavatory pipes in the Men's toilet room are not fully insulated;

xviii.      There is insufficient knee clearance underneath the lavatories in the Men's toilet room;

xix.      The mirrors in the Men's toilet room is too high;

xx.      There is no accessible path of travel to the toilet stalls in the Men's toilet room;

xxi.      There are no accessible stalls in the Men's toilet room

xxii.      The lavatory is to close to the water closet in the restroom located nearest to the recreational room;

xxiii.      The lavatory pipes in the restroom located nearest to the recreational room are not fully insulated;

xxiv.      There is insufficient maneuvering space in the water closet in the restroom located nearest to the recreational room.

**c. Pine Island Park**

i.      There is no accessible parking near the tennis courts;

ii.      There is no accessible path of travel to the tennis courts;

iii.      There are steps leading down to the tennis courts;

iv.      There is no accessible seating provided;

v.      There is no accessible path of travel around the playground;

vi.      There is no accessible signage at the parking spaces located in front of the pool area;

vii.      There is no rear grab bar located in the stall in the Women's toilet room;

viii.      The lavatory pipes in the Women's toilet room are not fully insulated;

ix.      The knobs on the lavatory faucets in the Women's toilet room require twisting and grasping to operate;

x.      The paper towel dispenser in the Women's toilet room is too high;

xi.      There is no accessible signage on the Women's toilet room;

xii.      There are no visual alarms provided;

xiii.      The showers are not accessible.

**d. Bonita Springs Community Park**

i.      The parking spaces located nearest to the recreational center do not have access aisles;

ii.      The parking spaces located nearest to the tennis courts have access aisles that are to small and are not striped;

iii.      There is no accessible seating provided;

iv.      There is no accessible entrance and/or path of travel to the tennis courts;

v.      There is no accessible path of travel to the picnic area;

vi.      There are no accessible picnic tables;

vii.      There is no accessible path of travel around the playground area;

viii.      There is no accessible path of travel to the fields;

ix.     The parking spaces and access aisles in the lot located closest to the pool are not striped;

x.      The signage to the Women's toilet room does not include Braille;

xi.     There is no rear grab bar in the stall of the Women's toilet room;

xii.    The flush valve on the water closet in the Women's toilet room is too high;

xiii.   The flush valve is located on the short side of the water closet;

xiv.    There is insufficient maneuvering space in the Women's toilet room;

xv.     The lavatory pipes in the Women's toilet room are not fully insulated;

xvi.    The lavatory counter in the Women's toilet room is too high;

xvii.   The roll-in shower in the Women's Toilet room is too small;

xviii.  The coat hooks in the dressing area are too high;

xix.    There are no visual alarms provided.

**e. Hancock Community Park**

i.      There is no accessible path of travel to the basketball courts;

ii.     There is no accessible path of travel to the fields;

iii.    There is no accessible path of travel to the picnic tables;

iv.     There is no accessible path of travel to the playground and around the playground;

v.      There is no accessible path of travel to the dugouts located at the fields;

vi.     There is no accessible signage to the Men's and Women's toilet rooms;

vii.    There is a steep rise leading to the Men's and Women's toilet rooms;

viii.   The lavatories are to close to the water closets in the Men's and Women's toilet rooms;

ix.     The coat hooks are too high in the Men's and Women's toilet rooms;

x.      The lavatory pipes in the Men's and Women's toilet rooms are not fully insulated;

xi.     The parking signage at the parking spaces is too low;

xii.    The water fountains at the Park are too low.

**f. Lehigh Acres Community Park**

i.      The outlines of the parking spaces located on the South side of the park are fading;

ii.     There is no accessible seating provided at the Park;

iii.    The signage placed above the door to the Women's toilet room does not contain Braille;

iv.     The paper towel dispensers in the Women's toilet room are protruding objects and are too high;

v.      There are no visual alarms;

vi.     The toilet paper dispenser in the stall of the Women's toilet room is too close to the rear wall;

vii.    The coat hook is too high in the stall of the Women's toilet room;

viii.   The lavatory pipes in the Women's toilet room are not fully insulated;

ix.     The parking signage is to low at the parking spaces located in front of the pool facilities;

x.      There is no access to the dugouts at the fields;

xi.     There is no access to the bleachers at the fields;

xii.    There is no access to the barbecue pits.

**g. Veteran's Community Park**

i. The concession stand is too high;
ii. The water fountain is too high;
iii. There is no accessible seating in the pavilion;
iv. There is no accessible seating provided throughout the Park;
v. There is no access to the picnic tables;
vi. There is no access to the barbecue pits;
vii. The signage located on the door to the Women's toilet room contains no Braille;
viii. The lavatory pipes in the Women's toilet room are not fully insulated;
ix. The hand dryer in the Women's toilet room is a protruding object;
x. The mirrors in the Women's toilet room are too high;
xi. There are no visual or audible alarms;
xii. The lavatory pipes in the stall of the Women's toilet room are not fully insulated;
xiii. There is no mirror in the stall of the Women's toilet room;
xiv. The water closet in the Women's toilet room has no rear grab bar;
xv. The flush valve on the water closet is located on the short side of the water closet;
xvi. The toilet paper dispenser is too high;
xvii. There is insufficient maneuvering space between the water closet and the lavatory;
xviii. The signage located on the door to the Men's toilet room does not contain Braille;
xix. The fields at the Park are inaccessible.

**h. Bay Oaks Community Park/Recreation Center**

i. There is no accessible parking nearest the fields;
ii. The accessible parking provided near the pool area is no locate on the nearest accessible route to the pool;
iii. The parking spaces are too steep;
iv. There are no accessible picnic tables;
v. There is no accessible route to the picnic tables;
vi. There is no accessible parking provided by the tennis courts;
vii. The signage located on all recreation room doors do not contain Braille;
viii. There is insufficient clear floor space on the push and pull sides of the doors to the restrooms located in the community center;
ix. The coat hooks in the accessible stalls in the restrooms of the community center are too high;
x. There are no rear grab bars in the accessible stalls in the restrooms of the community center;
xi. The water closets are too low in the restrooms of the community center;
xii. The mirrors are too high in the restrooms of the community center;
xiii. The lavatory pipes in the restrooms of the community center are not fully insulated;
xiv. The signage located on the restroom doors of the community center does not contain Braille.

**i. Brooks Community Park**

i. There is no accessible parking provided;
ii. There is no accessible path of travel to the entrance to the Park;
iii. There is no accessible seating provided at the Park;
iv. There is no accessible path of travel to the tennis courts;
v. There is no access to the bleachers or the dugouts at the Park;
vi. The water fountains at the field(s)are too low;

vii.    The signage provided at the Women's toilet room contains no Braille;

viii.    The paper towel dispenser is too high in the Women's toilet room;

ix.    The mirror it too high in the Women's toilet room;

x.    There is insufficient knee clearance underneath the lavatory in the Women's toilet room;

xi.    The knobs on the lavatory in the Women's toilet room require twisting and grasping to operate;

xii.    The lavatory pipes in the Women's restroom are not fully insulated;

xiii.    The coat hook is too high in the stall of the Women's toilet room;

xiv.    The flush valve is on the short side of the water closet in the Women's toilet room;

xv.    There are no rear or side grab bars in the stall in the Women's toilet room;

xvi.    There is insufficient maneuvering space in the stall in the Women's toilet room;

xvii.    There are no visual alarms provided;

xviii.    The signage provided at the Men's toilet room contains no Braille;

xix.    The paper towel dispensers in the Men's toilet room are too high;

xx.    There is insufficient knee clearance underneath the lavatories in the Men's toilet room;

xxi.    The lavatory pipes in the Men's toilet room are not fully insulated;

xxii.    The knobs on the lavatories requiring twisting and grasping to operate;

xxiii.    The mirror is too high in the Men's toilet room;

xxiv.    The urinals are too high in the Men's toilet room

xxv.    The coat hook is too high in the stall of the Men's toilet room;

xxvi.    The water closet is too low in the stall of the Men's toilet room;

xxvii.    The water closet is too far from the sidewall;

xxviii.    There is no rear grab bar in the stall of the Men's toilet room;

xxix.    The side grab bar in the stall of the Men's toilet room is too short;

xxx.    The push button exits from the Women's and Men's toilet rooms are not operational.


**j. Harlem Heights Community Park**

i.    The ramp that leads to the pavilion is too steep;

ii.    There are an insufficient number of accessible parking spaces;

iii.    There are no accessible paths of travel to the field bleachers;

iv.    There is no accessible seating in the Park;

v.    The Computer Mobile Bus used to transport people is not accessible;

vi.    The lavatory in the Women's toilet room has no knee clearance;

vii.    There is insufficient toe clearance underneath the lavatory in the Women's toilet room;

viii.    There is no accessible signage for the Women's toilet room;

ix.    The lavatory pipes in the Women's toilet room are not fully insulated;

x.    The baby changing table in the Women's toilet room is too high;

xi.    The sanitary napkin dispenser in the stall of the Women's toilet room is too high;

xii.    The side and rear grab bars in the stall are of insufficient length;

xiii.    There is insufficient space between the toilet paper dispenser located below the side grab bar;

xiv.    There are no visual alarms provided;

xv.    The water fountains at the Park are too low;

xvi.    The Men's toilet room signage contains no Braille;

xvii.    The lavatory pipes in the Men's toilet room are not fully insulated;

xviii.    The coat hook in the Men's toilet room stall is too high;

xix.     There is insufficient maneuvering space between the water closet and the lavatory;

xx.      The rear grab bar in the stall are of insufficient length;

xxi.     There is insufficient space between the paper towel dispenser and the side grab bar;

xxii.    There are no visual alarms provided;

xxiii.   The signage on the door of the Women's toilet room at the soccer field has no Braille;

xxiv.    The hand dryer in this Women's toilet room is a protruding object;

xxv.     The lavatory pipes in this Women's toilet room are not fully insulated;

xxvi.    The coat hook is too high in the accessible stall of this Women's toilet room;

xxvii.   There is insufficient maneuvering clearance between the lavatory and the water closet;

xxviii.  The rear and side grab bars in the stall are of insufficient length;

xxix.    There is insufficient space between the paper towel dispenser and the side grab bar;

xxx.     There are no visual alarms provided.


**k. Judd Community Park**

i.       There are steps leading up to the pavilion, making it inaccessible;

ii.      There is no accessible seating provided throughout the Park;

iii.     There is no accessible path of travel to the playground and around the playground;

iv.      There is no accessible path of travel to the bleachers throughout the Park;

v.       The signage provided to the Women's toilet room is not adjacent to the door to the toilet room and contains no Braille;

vi.       The lavatory pipes in the Women's toilet room are not fully insulated;

vii.     The door of the stall in the Women's toilet room is too narrow making the stall inaccessible;

viii.    There is no clear floor space on the push side of the door;

ix.      There is no side grab bar in the stall;

x.       The water closet in the stall is too low;

xi.      There are no visual or audible alarms provided;

xii.     The signage provided to the Men's toilet room is not adjacent to the door to the toilet room and contains no Braille;

xiii.    The lavatory pipes in the Men's toilet room are not fully insulated;

xiv.     The urinal in the Men's toilet room is too high;

xv.      The handle on the urinal is too high;

xvi.     The door of the stall in the Men's toilet room is too narrow making the stall inaccessible;

xvii.    There is no rear grab bar provided in the stall;

xviii.   The flush valve is located on the short side of the water closet.

xix.     The water closet is too low;

xx.      The toilet paper dispenser is too high;

xxi.     There is no clear floor space on the push side of the door;

xxii.    When the toilet rooms are closed and "open on request" there is no individual available for the purpose of requesting to use the toilet rooms;

xxiii.   Thee is no accessible path of travel to the swings/swing sets;

xxiv.    There are steps leading down to the park itself;

xxv.     The water fountains are too high.


**l. Milton Burke Community Park**

i.      There is no accessible path of travel to the picnic tables;
ii.     The picnic table are not accessible;
iii.    The access aisle for the parking spaces is located in the path of travel to the tennis courts;
iv.     The fields are inaccessible;
v.      The Women's toilet room has signage on the door that contains no Braille;
vi.     The paper towel dispenser in the Women's toilet room is too high;
vii.    The lavatories in the Women's toilet room have insufficient knee clearance;
viii.   The lavatory pipes in the Women's toilet room are not fully insulated;
ix.     The mirror is too high;
x.      The coat hook in the accessible stall is too high;
xi.     There is insufficient clear floor space between the lavatory and the water closet;
xii.    The paper towel dispenser is too high;
xiii.   The signage to the Men's toilet room is incorrectly placed and contains no Braille;
xiv.    The lavatory in the Men's toilet room is too close to the water closet;
xv.     The lavatory pipes in the Men's toilet room are not fully insulated;
xvi.    The paper towel dispenser is too high;
xvii.   There are Women's and Men's restrooms that are inaccessible.

**m. Matlacha Community Center**

i.      There is no accessible seating throughout the Park;
ii.     There is insufficient knee clearance underneath the picnic tables;
iii.    The parking spaces have no access aisles;
iv.     The parking spaces for the boat ramp are not located on the nearest accessible route to the ramp;
v.      The boardwalk is too steep;
vi.     The boardwalk does not contain handrails;
vii.    There is no accessible parking at the basketball courts;
viii.   There is no accessible path of travel to the basketball courts;
ix.     The soap dispensers in the toilet rooms by the basketball courts are too high.

**n. North Fort Myers Community Park**

i.      There is no accessible seating throughout the Park;
ii.     The path of travel to the shuffleboard courts is too steep;
iii.    The counters at the concession stand are too high;
iv.     There are no accessible picnic tables;
v.      There are no access aisles for the parking spaces;
vi.     One of the Women's restrooms has signage that contains no Braille;
vii.    The coat hook in the Women's restroom is too high;
viii.   The flush valve is located on the short side of the water closet;
ix.     There is not enough maneuvering space between the lavatory and the water closet;
x.      The lavatory pipes in the Women's toilet room are not fully insulated;
xi.     One of the Men's restrooms has signage that contains no Braille;
xii.    The lavatory pipes in the Men's toilet room are not fully insulated
xiii.   There is not enough maneuvering space between the lavatory and the water closet;
xiv.    There are Women's and Men's restrooms that are inaccessible.

26.     LAMB and LUCIBELLO and members of Access Now have repeatedly tried to use the programs, facilities and services of the PARKS but have encountered barriers to access denying them full, safe and equal access thereto.

27.     Defendant has discriminated, and continues to so discriminate, against the Plaintiffs by denying them access to, and full and equal enjoyment of one or more of the goods, services, programs, facilities, privileges, advantages, and/or accommodations by failing to remove substantially all architectural barriers as required by § 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701 et seq., as a result of, inter alia, the violations, as expressed above.

**WHEREFORE**, the Plaintiffs demand judgment against Defendant and request the following relief:

1.     Accepting jurisdiction of this case and declare that policies, procedures and services of Defendant are discriminatory and are not in compliance with the Rehabilitation Act;

2.     Requiring Defendant to alter the PARKS and their facilities, programs and services to comply with Federal law and regulations;

3.     Requiring the County to remove barriers to access at the PARKS and their facilities, programs and services;

4.     Requiring Defendant to alter the PARKS and their facilities, programs and services to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

5.     Directing Defendant to evaluate and neutralize its policies, practices, and procedures toward persons with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

6.     Mandating that Defendant undertakes a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and

facilities at the PARKS; a review of all policies and practices that govern the administration of such facilities, programs and services at the PARKS; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

7.    Mandating Defendant to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that are readily achievable, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the PARKS;

8.    Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiffs;

9.    Awarding such other and further relief as the Court deems necessary, just and proper; and,

10.    Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court.

Dated this 18th day of May, 2005.

Respectfully submitted,

By:_____/s/Stephan M. Nitz_____
        Stephan M. Nitz, Esquire
        Florida Bar No.  0045561
        Schwartz Zweben & Slingbaum, LLP
        3876 Sheridan Street
        Hollywood, Florida, 33021
        Telephone:    (954) 966-2483
        Facsimile:    (954) 966-2566