UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANA LAMB; TONY LUCIBELLO; ACCESS
NOW, INC.,

                    Plaintiffs,

vs.                          Case No.  2:05-cv-246-FtM-99SPC

LEE COUNTY,

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on plaintiffs' Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. #31), filed on September 11, 2006. Defendant filed a Response in Opposition (Doc. #32) on September 25, 2006. Defendant's request for an evidentiary hearing is denied as the Court finds the documentation submitted is sufficient to rule on the pending motion.

**I.**

Plaintiffs initiated the Complaint (Doc. #1) against defendant alleging barriers to access in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act. The individual plaintiffs, who both suffer from a qualified disability, are mobility impaired, and use wheelchairs. Prior to filing the instant case, plaintiff Dana Lamb personally visited the following parks within defendant Lee County: Alva Community Park; Boca Grande Community Park/Center; Pine Island park; Bonita Springs

Community Park; Hancock Community Park; Lehigh Acres Community Park North; Veterans Community Park; Bay Oaks Community Park/Recreation Center; Brooks Community Park; Harlem Heights Community Park; Judd Community Park; Milton Burke Community Park; Matlacha Community Park/Center; and North Fort Myers Community Park.  (Doc. #1, ¶ 3.) Plaintiff Tony Lucibello personally visited Boca Grande Community Park/Center;  Pine  Island  Park;  Bonita  Springs  Community  Park; Hancock  Community  Park;  Veterans  Community  Park;  and  Matlacha Community Park/Center.  The individual plaintiffs are members of the  plaintiff  Access  Now,  Incorporated,  which  represents  the interests of its members.  (Id. at ¶ 4.)

On July 7, 2005, the case was stayed for a period of time to allow  defendant  to  correct  any  alleged  barriers  to  access.   On August 9, 2006, the stay was lifted upon the filing of a settlement notice.  On August 25, 2006, the Court entered an Order Approving Consent  Decree  (Doc.  #29)  approving  the  settlement,  retaining jurisdiction  over  its  enforcement,  and  directed  the  entry  of judgment.  Judgment (Doc. #30) was entered on August 29, 2006.

## II.

Defendant objects to any award arguing that pre-suit notice advising the County of existing barriers would have alleviated the need  for  the  lawsuit.   In  the  alternative,  defendant  seeks  a reduction  in  the  fees  and  costs.   As  a  preliminary  matter,  the Eleventh Circuit recently clarified that "[a] person may file a suit  seeking  relief  under  the  ADA  without  ever  notifying  the

-2-

defendant of his intent to do so, . . .  We stress that pre-suit
notice is not required to commence suit under the ADA and that lack
of pre-suit notice does not compel a reduction of the requested fee
award." <u>Association of Disabled Ams. v. Neptune Designs, Inc.</u>, 469
F.3d 1357 (11th Cir. 2006).  Therefore, pre-suit notice is not
required, and assuming the attorney's fees sought are reasonable,
a prevailing plaintiff is entitled to attorney's fees under the
ADA.  <u>See</u> 42 U.S.C. § 12205.

The Court finds that plaintiffs are prevailing parties, as
defined by the Eleventh Circuit Court of Appeals, and are entitled
to a <u>reasonable</u> fee, including expenses and costs under the terms
of the Consent Decree.  The Court must, however, determine whether
the fee request is reasonable as to the hours and the rate.  The
Court concludes that the amount of a reasonable attorney fee is
calculated by multiplying the number of hours reasonably expended
by the reasonable hourly rate.  A reasonable hourly rate is "the
prevailing market rate in the relevant legal community for similar
services by lawyers of reasonably comparable skills, experience,
and reputation." <u>Norman v. Housing Auth. of Montgomery</u>, 836 F.2d
1292, 1299 (11th Cir. 1988).

### III.

Plaintiffs seek $36,724.00 for attorney fees at a rate of
$280.00 per hour for Gregory Schwartz and $265.00 per hour for

-3-

Stephan Nitz for a total of 135.80[1] hours; $12,750.00 for expert fees; and $2,334.21 in costs.

**A.**

As an initial matter, based on previous requests for attorney's fees and finding no change in circumstances, the undersigned finds $200.00 an hour to be a reasonable rate for Mr. Nitz. See Lucibello v. Pik 'N Run #7, Inc., 2:05-cv-455-FTM-29DNF; Lucibello v. Kimi Haga, Inc., 2:05-cv-269-FTM-29SPC; Lamb v. Shivani, Inc., 2:05-cv-50-FTM-29DNF; Lamb v. Patel, 2:05-cv-51-FTM-29DNF. As to Mr. Schwartz, a managing partner of the firm, the Court finds that $225.00 is a more than reasonable hourly rate for the litigation associated with ADA cases and based on the failure of counsel to provide a Curriculum Vitae.

Upon review of defendant's response and plaintiff's Fees (Doc. #31-2), the Court finds that the hours requested are excessive in light of the standardized pleadings and progress of the case. It is clear that the time and labor, level of difficulty required, and requisite skill are minimal because of the appearance of counsel and the firm of Schwartz Zweben & Slingbaum, LLP in hundreds of cases, including cases ending with the entry of a Consent Decree. Additionally, the Court is not inclined to award fees for traveling because plaintiffs chose counsel outside of the area. The following hours will be reduced or eliminated:

---

[1]The Court notes that the total hours of 135.80 provided on the Fees statement (Doc. #31-2, p. 10) is an incorrect total.

| DATE: | AMOUNT REQUESTED: | REDUCED TO: |
|:---:|:---:|:---:|
| 03/18/2005 | 0.80 | 0.40 |
| 03/21/2005 | 0.40 | 0.00 |
| 03/23/2005 | 10.30 | 5.30 |
| 03/24/2005 | 8.10 | 3.10 |
| 04/13/2005 | 2.80 | 1.50 |
| 04/30/2005 | 2.40 | 1.40 |
| 05/11/2005 | 4.10 | 2.10 |
| 05/18/2005 | 0.80 | 0.30 |
| 05/25/2005 | 0.40 | 0.00 |
| 05/27/2005 | 0.80 | 0.20 |
| 06/15/2005 | 0.60 | 0.30 |
| 06/20/2005 | 0.20 | 0.00 |
| 06/23/2005 | 2.70 | 1.00 |
| 06/25/2005 | 4.50 | 1.50 |
| 06/27/2005 | 1.10 | 0.50 |
| 07/07/2005 | 0.70 | 0.30 |
| 07/12/2005 | 0.20 | 0.00 |
| 12/05/2005 | 8.20 | 3.20 |
| 12/06/2005 | 8.70 | 4.70 |
| 02/27/2006 | 6.30 | 3.30 |
| 03/22/2006 | 3.40 | 1.40 |
| 04/07/2006 | 0.20 | 0.00 |
| 05/01/2006 | 0.20 | 0.00 |
| 08/31/2006 | 1.50 | 0.50 |
| 09/01/2006 | 1.00 | 0.50 |
| 09/06/2006 | 1.00 | 0.50 |
| TOTAL: | 71.40 | 32.00 |

Therefore, the Court will eliminate 39.4 hours from the total. Applying the reasonable hourly rate to the reasonable hours expended, the Court finds that attorney Gregory Schwartz is entitled to $5,197.50 (23.1 hours at a rate of $225.00) and attorney Stephan Nitz is entitled to $14,320.00 (71.60 hours at a rate of $200.00) for a total of $19,517.50 for 94.7 hours.

### B.

Under 42 U.S.C. § 12205, a prevailing party is entitled to a "reasonable attorney's fee, including litigation expenses, and costs" at the Court's discretion. Therefore, costs are not limited to those enumerated in 28 U.S.C. § 1920. Nonetheless, the Court finds that the amount should be reduced to eliminate the costs for the ownership search, postage, and travel expenses as overhead. Therefore, plaintiffs are entitled to $515.75 for costs and expenses associated with the filing of this case.

### C.

Plaintiffs seek a considerable amount of compensation for the expert. The Court finds that the Invoices (Doc. #31-5) reflect the actual expenses incurred by the expert, except for the "prepaid assistant/attendant for inspections". Therefore, with the exception of $695.00, the amount requested will be granted and plaintiffs may recover $12,055.00.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    Plaintiffs' Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs (Doc. #31) is **GRANTED IN PART.**

2.    The Clerk shall enter an amended judgment in favor of plaintiffs and against defendant awarding attorney's fees in the amount of $5,197.50 for attorney Gregory Schwartz and $14,320.00 for Stephan Nitz for a total of $19,517.50; expert's fees in the amount of $12,055.00; and costs and expenses in the amount of $515.75.

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of March, 2007.


                                        _____
                                        JOHN E. STEELE
                                        United States District Judge


Copies:
Counsel of record